UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JEROMY BRYAN SAMPLE,<br>Plaintiff,<br>v.<br>TONYA R. LANEY; AARON D. FORD, et al,<br>Defendants. | Case No. 2:26-cv-02267-APG-EJY<br><br>**ORDER** |

Pending before the Court are Plaintif's Application to proceed *in forma pauperis* and Civil Rights Complaint. ECF Nos. 1, 1-1. Plaintiff's IFP application is complete and granted below. Because Plaintiff has not stated a procedural due process claim, the only cause of action raised, his Complaint is dismissed without prejudice and with leave to amend.

## I. Screening Standard

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**II. Discussion**

The factual assertions in Plaintiff's Complaint arise from the suspension of his Nevada commercial driver's license ("CDL") and his communications with various state agencies dating back to September 2025. ECF No. 1-1 at 4. Plaintiff says the Department of Motor Vehicle ("DMV") issued a notice regarding the suspension of his CDL on August 7, 2025, and that the notices "were defective on their face." *Id.* at 7. Plaintiff contends he did not receive the notices until the first week of September 2025. *Id.* Plaintiff does not clearly identify the reason why his CDL was suspended; however, based on the contents of Plaintiff's allegations in paragraphs 19, 22, and 36, the Court construes the suspension arose from Plaintiff's failure to appear on citations issued in other states. *Id.* at 5, 6, 11.

Plaintiff names Tonya R. Laney (Director of the Nevada Department of Motor Vehicles), Aaron D. Ford (Nevada Attorney General), and 30 Doe employees of the Nevada DMV and Office of Attorney General as Defendants. *Id.* at 4-5.

A. <u>Plaintiff Does Not State a Procedural Due Process Claim</u>.

To state a procedural due process claim, a plaintiff "must plausibly allege (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Franceschi v. Yee*, 887 F.3d 927, 935 (9th Cir. 2018) (internal citations and quotations omitted). Plaintiff's pleading meets the first requirement because "[t]he Due Process Clause applies

to the deprivation of a driver's license by the state." *Dixon v. Love*, 431 U.S. 105, 112 (1977). However, as explained in *Miranda v. City of Casa Grande*, 15 F.4th 1219, 1225 (9th Cir. 2021):

> But to say that the deprivation of a driver's license can implicate procedural due process protections does not resolve the level of protection that must be afforded. The touchstone of procedural due process is notice and an opportunity to be heard. *Dusenbery v. United States*, 534 U.S. 161, 167 (2002). Yet "[d]ue process is a flexible concept that varies with the particular situation." *Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017) (quoting *Shinault v. Hawks*, 782 F.3d 1053, 1057 (9th Cir. 2015)). Therefore, what the Due Process Clause "requires in any given case is a function of context." *Franceschi*, 887 F.3d at 935 (quoting *Brewster v. Bd. of Educ.*, 149 F.3d 971, 983 (9th Cir. 1998)).

Simply put, "it is not enough to show a protected interest and state, without explanation, that adequate procedures are required. Plaintiffs must identify how the procedures used fell short." *Ringgold v. Johnson*, 40 F.Supp.3d 1331, 1341 (D. Haw. 2014).

Here, Plaintiff does not provide the Court with enough facts to meaningfully determine whether he pleads facts demonstrating he was denied adequate procedural protections. Plaintiff does not identify what procedures he was subject to or how they fell short. The Court cannot supply essential elements of a claim that were not initially pled—even in the context of a *pro se* plaintiff. *Richards v. Harper,* 864 F.2d 85, 88 (9th Cir. 1988); *Ivey v. Board of Regents of University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Nonetheless, liberally construing allegations in several paragraphs discussing records from Iowa and Connecticut, the Court believes Plaintiff may be alleging that his CDL was suspended under NRS 483.465. This statute, titled "Mandatory suspension of license when person violates promise to appear pursuant to citation: Notice; period of suspension," states:

> If a driver who holds a Nevada driver's license violates a written promise to appear pursuant to a citation. ... Upon receipt of notice from a court in this State of a failure to appear, the Department shall notify the driver by mail that his or her privilege to drive is subject to suspension and allow 30 days after the date of mailing the notice to…make a written request to the Department for a hearing.

NRS 483.465(1)-(2)(c). If the Court's construction is correct and Plaintiff's CDL was suspended in accordance with this statute, Plaintiff still has not stated a procedural due process claim. First, Plaintiff claims that the unidentified Defendants violated his due process rights "by issuing purported notices that failed to disclose the State of Conviction, court, case number, complete citation number, Conviction record, or qualifying event Nevada treated as sufficient." ECF No. 1-1 at 10. However,

Plaintiff does not identify any process that requires Defendants to provide him with any of this information. Second, Plaintiff alleges that the Defendants bypassed some unidentified "constitutionally required review process." *Id.* at 11. This, however, is not sufficient to state a claim. *As Salaam v. United States*, Case No. 2:25-cv-2919-DC-CKD (PS), 2026 WL 983177, at *2 (E.D. Cal. April 13, 2026) ("[Plaintiff's] labeling of that notice as constitutionally inadequate does not suffice to allege a denial of constitutionally adequate procedural protections."). Third, Plaintiff alleges that the unidentified Defendants violated his rights "by providing no timely and meaningful opportunity to contest or obtain a stay" before what the Court liberally construes to be the suspension of his CDL. ECF No. 1-1 at 11.

It is noteworthy that if Plaintiff's CDL license was suspended in accordance with NRS 483.465, it appears this statute provides the opportunity for a hearing. Plaintiff says he sent "written objections and [a] postponement demand" to Tonya R. Laney, the Director of the Nevada DMV, but it is unclear whether he included a request for a hearing in those objections (ECF No. 1-1 at 8), a procedure he now seems to claim he was denied. In amendment, Plaintiff must clarify the nature of his claims. That means, in plain terms, Plaintiff must "identify the process [he was] owed based on the deprivation and identify what part or parts of the process [he] was denied." *Daniel v. Lynch*, Case No. 2:23-CV-0384 AC P, 2024 WL 4268140, at *5 (E.D. Cal. Sept. 23, 2024).

Lastly, Plaintiff appears to be seeking a variety of forms of injunctive relief, including the restoration or protection of his CDL. ECF No. 1-1 at 12. Plaintiff is advised that a "violation of procedural rights requires only a procedural correction, not the reinstatement of a substantive right ..." *Raditch v. United States*, 929 F.2d 478, 481 (9th Cir. 1991).

B. <u>Plaintiff Does Not Tie His Allegations to the Named Defendants</u>.

Separate from the above, Plaintiff fails to comply with Rule 8 of the Federal Rules of Civil Procedure. This Rule requires a complaint to plead sufficient facts to give a defendant fair notice of the claims against him and the grounds upon which it rests. *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (citations omitted). "[A] pleading may not simply allege a wrong has been committed and demand relief." *Sherrell v. Bank of Am., N.A.*, Case No. CV

F 11-1785-LJO (JLT), 2011 WL 6749765, at *4 (E.D. Cal. Dec. 22, 2011).[1] Moreover, liability under 42 U.S.C. § 1983 requires personal participation by the defendant. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id*.

Plaintiff does not tie the allegations in his Complaint to Nevada Attorney General Aaron Ford. At most, Plaintiff alleges that he received an unsigned document on the Office of the Attorney General letterhead stating "NOTE: If you do not reinstate before 9-8-2026, then you will need to take all NCDL and CDL knowledge and skills tests." ECF No. 1-1 at 11. It is unclear how receipt of this letter would implicate anyone from the Office of the Attorney General, let alone Mr. Ford, to the allegations in the Complaint.

Similarly, the only factual allegation Plaintiff ties to Tonya R. Laney, the Director of the Nevada DMV, is the fact that he mailed her written objections. *Id.* at 4. This fact alone, does not demonstrate that Ms. Laney participated in the alleged constitutional deprivation.

Overall, Plaintiff does not tie any of the allegations in his Complaint to specific Defendants. While the Court recognizes that at the pleading stage he may not know the identities of certain DMV employees, it is also true that as a general rule pleading fictitious or doe defendants is improper in federal court. *See Bogan v. Keene Corp.*, 852 F.2d 1238, 1239 (9th Cir. 1988). This is because "[t]here is no provision in the Federal Statutes or Federal Rules of Civil Procedure for use of fictitious parties." *Fifty Associates v. Prudential Insurance Co. of America*, 446 F.2d 1187, 1191 (9th Cir. 1970); *see also McMillan v. Department of the Interior*, 907 F.Supp. 322 (D. Nev. 1995). "If there are unknown persons or entities, whose role is known, that fact should be expressed in the complaint, but it is unnecessary and improper to include 'Doe' parties in the pleadings." *Graziose v. American Home Products Corp.*, 202 F.R.D. 638, 643 (D. Nev. 2001). In amendment, Plaintiff

[1] The Court notes that it considered state law regarding potential discretionary act immunity. However, applicable here, the Ninth Circuit makes clear that discretionary act immunity does not protect unconstitutional government conduct. *Nurse v. United States*, 226 F.3d 996, 1002 (9th Cir. 2000). If Plaintiff is able to state a procedural due process claim in violation of the Fourteenth Amendment, discretionary immunity will not shield the Defendants.

must make efforts to tie the allegations in his Complaint to specific Defendants in order to comply with Fed. R. Civ. P. 8.

**III. Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Procedural Due Process claim is DISMISSED with leave to amend.

IT IS FURTHER ORDERED that if Plaintiff chooses to file an amended complaint he must do so no later than **September 28, 2026**. The amended complaint must be titled "AMENDED COMPLAINT" and must be complete—meaning all facts and all causes of action Plaintiff wishes to assert must be stated in the amended complaint. Failure to include facts or identify claims will result in the loss of claims.

IT IS FURTHER ORDERED that failure to timely file an amended complaint will result in a recommendation that this matter be dismissed in its entirety.

Dated: this 8th day of September 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE